IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAMION GREEN,

           Plaintiff,

v.                          //    CIVIL ACTION NO. 1:14CV157
                                     (Judge Keeley)

MARVIN C. PLUMLEY, Warden, KENNETH
WINGFIELD, Sergeant, JAMES BARKLEY,
Corporal, BOBBY SHAFFER, Correctional
Officer II, RICHARD GSELL, Correctional
Officer II, RICHIE CORLEY, Doctor, and
JEREMY ARBOGAST,

           Defendants.

### MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]

Pending before the Court is the Report and Recommendation ("R&R") (Dkt. No. 43) of Magistrate Judge Robert W. Trumble regarding pending motions to dismiss or for summary judgment filed by the defendants (Dkt. Nos. 21, 24). For the reasons discussed, the Court **ADOPTS** the R&R, **GRANTS** the motion to dismiss [Dkt. No. 21] and the motion for summary judgment [Dkt. No. 24], and **DISMISSES** the complaint filed by the plaintiff, Damion Green ("Green") in its entirety.[1]

---

[1] As explained later, the Court dismisses the complaint with prejudice as to defendants Plumley and Corley, and without prejudice as to the remainder of the defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

---

## BACKGROUND

Defendants Marvin C. Plumley ("Warden Plumley"), Sgt. Kenneth
Wingfield, Corp. James Barkley, C.O. Bobby Shaffer, C.O. Richard
Gsell, and Jeremy Arbogast (the "HCC defendants") have styled their
motion in the alternative as a motion to dismiss or for summary
judgment (Dkt. No. 24). Because the Court has considered matters
outside the pleadings, it analyzes the motion as on summary
judgment. Fed. R. Civ. P. 12(d). Moreover, as it must, it views
all the evidence "in the light most favorable" to Green, the non-
moving party. Martin v. Lloyd, 700 F.3d 132, 135 (4th Cir. 2012).

Defendant Richard Corley ("Corley") has filed a motion to
dismiss, and the Court therefore accepts the facts in Green's
complaint as true when analyzing that motion. Zak v. Chelsea, 780
F.3d 597, 601 (4th Cir. 2015)(citing Matrix Capital Mgmt. Fund, LP
v. Bearing Point, Inc., 576 F.3d 172, 176 (4th Cir. 2009)). In
addition, the Court adopts Magistrate Judge Trumble's thorough
factual summary of the case (Dkt. No. 43 at 2-4).

On September 16, 2014, Green filed a complaint pursuant to 42
U.S.C. § 1983, asserting that the defendants had violated his civil
rights by injuring him and refusing to provide adequate medical

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

care (Dkt. No. 1).  On October 17, 2014, Corley moved to dismiss,
alleging Green had (1) failed to state a claim upon which relief
can be granted, and (2) failed to comply with the pre-filing
requirements of the West Virginia Medical Professional Liability
Act, W. Va. Code § 55-7B-6 (Dkt. No. 22).  Following on that, the
HCC defendants moved to dismiss, or, in the alternative, for
summary judgment, arguing that Green had failed to exhaust his
administrative remedies prior to filing suit (Dkt. No. 24).

Magistrate Judge Trumble's R&R recommended that the Court (1)
grant Corley's motion to dismiss; (2) grant the HCC defendants'
motion for summary judgment; (3) dismiss Corley and Plumley with
prejudice; and (4) dismiss the remainder of the defendants without
prejudice (Dkt. No. 43).

On July 20, 2015, Green was paroled and released from
imprisonment, rendering ineffective the Court's attempts to serve
him with the R&R (Dkt. No. 47).  On August 17, 2015, Green updated
his address, after which the Clerk re-mailed the R&R to Green's new
address.  Although Green accepted service of the R&R on August 20,
2015, to date he has failed to file any objections.[2]  Following a

---

[2]  When reviewing a magistrate judge's report and
recommendation made pursuant to 28 U.S.C. § 636, the court must

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

review of the R&R for clear error, the Court **ADOPTS** the R&R in its

entirety.

### STANDARD OF REVIEW

### I.   Pro Se Pleadings

Because Green is proceeding pro se, the Court must liberally

construe his pleadings.  Estelle v. Gamble, 429 U.S. 97 (1976);

Haines v. Kerner, 404 U.S. 519 (1972) (per curiam); Loe v.

Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d

1147 (4th Cir. 1978).  Nevertheless, a pro se complaint is subject

to dismissal if the Court cannot reasonably read the pleadings to

state a valid claim on which the plaintiff could prevail.  Barnett

v. Hargett, 174 F.3d 1128 (10th Cir. 1999).  A court may not

construct the plaintiff's legal arguments for him, nor should it

"conjure up questions never squarely presented."  Beaudett v. City

of Hampton, 775 F.2d 1274 (4th Cir. 1985).

---

review de novo only the portion to which an objection is timely
made.  28 U.S.C. § 636(b)(1)(C).  As to those portions of a
recommendation to which no objection is made, a magistrate judge's
findings and recommendation will be upheld unless they are "clearly
erroneous."  See Webb v. Califano, 468 F.Supp. 825 (E.D. Cal.
1979).

MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]

## II. <u>Motion to Dismiss</u>

In reviewing the sufficiency of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), a district court must accept the factual allegations in the complaint as true. <u>Zak</u>, 780 F.3d at 601. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> Dismissal

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

under 12(b)(6) is appropriate if the face of the complaint "clearly
reveals the existence of a meritorious affirmative defense," such
as qualified immunity. <u>Occupy Columbia v. Haley</u>, 738 F.3d 107, 116
(4th Cir. 2013) (quoting <u>Brockington v. Boykins</u>, 637 F.3d 503, 506
(4th Cir. 2011) (internal citations omitted)).

### III. <u>Motion for Summary Judgment</u>

Summary judgment is appropriate where the "depositions,
documents, electronically stored information, affidavits or
declarations, stipulations . . ., admissions, interrogatory
answers, or other materials" establish that "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." Fed R. Civ. P. 56(c)(1)(A), (a).
When ruling on a motion for summary judgment, the Court reviews all
the evidence "in the light most favorable" to the nonmoving party.
<u>Providence Square Assocs., L.L.C. v. G.D.F., Inc.</u>, 211 F.3d 846,
850 (4th Cir. 2000). The Court must avoid weighing the evidence or
determining the truth and limit its inquiry solely to a
determination of whether genuine issues of triable fact exist.
<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

The moving party bears the initial burden of informing the court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

## ANALYSIS

### I.  Warden Plumley

Green named Warden Plumley as a defendant in his complaint, but failed to allege Warden Plumley's personal involvement in the alleged violations of his constitutional rights (Dkt. No. 1). Because it is well-established that no respondeat superior liability exists under § 1983, see Monell v. Dept. of Soc. Servs., 436 U.S. 658, 693 (1978), the Court **ADOPTS** the recommendation in

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

the R&R to **GRANT** the motion for summary judgment and **DISMISS** Warden Plumley **WITH PREJUDICE** from this action.

## II.  Exhaustion of Administrative Remedies

The HCC defendants allege that Green failed to exhaust the three-level grievance process required by the West Virginia Department of Corrections (Dkt. No. 25 at 1).  They contend that Green submitted a grievance on May 29, 2014, referencing an earlier grievance allegedly filed on May 20, 2014.  They insist, however, that Green never filed a grievance on May 20, 2014.  Id. at 6-7. As a result, the HCC defendants contend Green failed properly to grieve any excessive force issues.  Id. at 7.  Alternatively, they argue that, to the extent the Court construes Green's May 29, 2014, grievance as one on the merits of the excessive force issue, it was untimely.  Id. at 8.

On December 5, 2014, Green opposed the HCC defendants' motion for summary judgment (Dkt. No. 31).  Instead of responding to their exhaustion argument, however, he largely reiterated the allegations in his complaint.  The HCC defendants replied on December 12, 2014, contending that Green's response was untimely and failed to address their motion (Dkt. No. 32).  Green filed a surreply on January 26,

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

2015 (Dkt. No. 34), which Magistrate Judge Trumble declined to
consider under the Court's local rules (Dkt. No. 43 at 5).

Pursuant to the Prison Litigation Reform Act of 1995, 42
U.S.C. § 1997e(a) ("PLRA"), a prisoner "confined in any jail,
prison, or other correctional facility" must first exhaust his
administrative remedies before suing under § 1983 "with respect to
prison conditions." Porter v. Nussle, 534 U.S. 516, 524 (2002)
("[E]xhaustion in cases covered by § 1997e(a) is now mandatory.").
Failure to exhaust is an affirmative defense under the PLRA;
inmates are not required to demonstrate exhaustion in the
complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Prisoners
must "properly exhaust" their claims before filing suit, thereby
giving the prison grievance system "a fair opportunity to consider
the grievance." Woodford v. Ngo, 548 U.S. 81, 94-95 (2006).

Exhaustion is mandatory in the Fourth Circuit, "even where the
inmate claims that exhaustion would be futile." Reynolds v. Doe,
431 F. App'x. 221, 222 (4th Cir. 2011) (per curiam). This Court
therefore lacks the authority to allow the plaintiff's case to
proceed, and must dismiss for failure to exhaust. Hinton v.
Jenkins, No. 5:13CV74, 2013 WL 6583990, at *2 (N.D.W. Va. Dec. 16,
2013) (Stamp, J.); see also Bowman v. Haynes, 282 F. Supp. 2d 488,

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

490 (N.D.W. Va. June 25, 2003) (Maxwell, J.) (granting the defendants' motion for summary judgment when the plaintiff failed to offer evidence that he had pursued his complaint through all steps of the West Virginia Department of Corrections' grievance process).

In the R&R, Magistrate Judge Trumble recommended granting the HCC defendants' motion for summary judgment based on Green's failure to file a Level One grievance regarding his claim for cruel and unusual punishment (Dkt. No. 43 at 12). He also found that, to the extent Green's May 29, 2014, grievance referred to any excessive force claim, the grievance was untimely. Finding no clear error, the Court **ADOPTS** the recommendation in the R&R (Dkt. No. 43 at 12), **GRANTS** the HCC defendants' motion for summary judgment (Dkt. No. 24) and **DISMISSES WITHOUT PREJUDICE** defendants Wingfield, Barkley, Shaffer, Gsell, and Arbogast.

### III. Medical Malpractice

Corley argues that, to the extent Green intended to state a claim under West Virginia's Medical Professional Liability Act, W. Va. Code § 55-7B-3, he has failed to comply with certain statutory pre-suit requirements (Dkt. No. 21 at 8). Specifically, Corley

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

---

contends that Green failed to serve a notice of claim pursuant to
W. Va. Code § 55-7B-6, a requirement that this Court has held is
mandatory prior to filing suit in federal court. Stanley v. United
States, 321 F. Supp. 2d 805, 806-07 (N.D.W. Va. 2004). Green never
responded to the contentions raised in Corley's motion to dismiss.

W. Va. Code § 55-7B-6 provides that a person seeking to file
a medical professional liability action against a health care
provider must serve a notice of claim at least thirty (30) days
before filing suit. W. Va. Code § 55-7B-6(b). The notice of claim
must include (1) "a statement of the theory or theories of
liability upon which a cause of action may be based"; (2) a list of
all health care providers or facilities to whom notices of claim
are being sent; and, (3) a screening certificate of merit, executed
under oath by an expert.[3] W. Va. Code § 55-7B-6(b); see Stanley,
321 F. Supp. 2d at 808 (concluding that the prerequisites of W. Va.
Code § 55-7B-6 are substantive and necessary to filing a suit in
federal court). It is undisputed that Green never served a notice
of claim or provided a screening certificate of merit.

---

[3] The requirement of a screening certificate of merit is
inapplicable in limited circumstances, none present here. W. Va.
Code §§ 55-7B-6(c), (d).

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

Finding no clear error in Magistrate Judge Trumble's recommendation that Green failed to comply with the requirements of W. Va. Code § 55-7B-6 , the Court **ADOPTS** the recommendation in the R&R to dismiss the medical malpractice claim against Corley (Dkt. No. 43 at 18).

## IV. Deliberate Indifference

Corley contends that Green's allegations against him, the only medical defendant in the case, are insufficient to support a claim for relief under the Eighth Amendment (Dkt. No. 21 at 8). Green never responded to Corley's motion to dismiss.

A prisoner stating a claim under the Eighth Amendment for ineffective medical assistance must show that the defendant acted with "deliberate indifference" to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To succeed on a deliberate indifference claim, the prisoner must establish (1) that the deprivation of a serious medical need was sufficiently serious, and (2) that the prison official subjectively acted with a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 298 (1991).

12

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

A serious medical condition either has been diagnosed by a physician as mandating treatment, or is so obvious that a lay person would recognize the need for medical attention. <u>Gaudreault v. Municipality of Salem, Mass.</u>, 923 F.2d 203, 208 (1st Cir. 1990). Prison officials act with a sufficiently culpable state of mind when they are "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists. . ." and also draw that inference. <u>Farmer v. Brennan</u>, 511 U.S. 825, 835-37 (1994). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be tolerable to fundamental unfairness." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990). Mere disagreements between the inmate and medical staff about a diagnosis or course of treatment do not rise to the level of cruel and unusual punishment unless extraordinary circumstances exist. <u>Wright v. Collins</u>, 766 F.2d 841, 849 (4th Cir. 1985).

Magistrate Judge Trumble found that Green's allegations against Corley were limited to disagreements about treatment, at best, and that Green therefore had failed to state a cognizable Eighth Amendment claim (Dkt. No. 42 at 15-16). Finding no clear

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

---

error, the Court **ADOPTS** the recommendation in the R&R (Dkt. No. 43) to **GRANT** Corley's motion to dismiss (Dkt. No. 21).

### CONCLUSION

For the reasons discussed, the Court:

1.   **ADOPTS** the R&R (Dkt. No. 43);

2.   **GRANTS** Corley's motion to dismiss (Dkt. No. 21);

3.   **GRANTS** the HCC defendants' motion for summary judgment (Dkt. No. 24);

4.   **DISMISSES WITH PREJUDICE** defendants Warden Plumley and Corley; and,

5.   **DISMISSES WITHOUT PREJUDICE** defendants Wingfield, Barkley, Shaffer, Gsell, and Arbogast.

It is so **ORDERED**.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND
RECOMMENDATION [DKT. NO. 43], AND GRANTING THE DEFENDANTS'
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [DKT. NOS. 21, 24]**

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested. It further **DIRECTS** the Clerk to remove this case from the Court's active docket.

Dated: September 22, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE